IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SV INTERNATIONAL, INC. and )
ECMD, INC., )
                                      )
        Plaintiff, )
                                      )
        v. )   1:09CV862
                                      )
FU JIAN QUANYU INDUSTRY CO., LTD., )
                                      )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the parties' Joint Motion for Approval of Protective Order. (Docket Entry 17.) The proposed order provides definitions of two classes of "Confidential Information" that appear consistent with Federal Rule of Civil Procedure 26(c); however, in empowering the parties to designate material as "Confidential Information," the proposed order does not limit their discretion to make only designations that they, in good faith, believe are consistent with those definitions and/or Rule 26(c). (See Docket Entry 17-1 at 2.) Further, in addition to setting conditions on the circumstances under and manner by which they might use materials they designate as "Confidential Information," the parties' proposed Joint Stipulation and Protective Order states as follows:

**INFORMATION FILED UNDER SEAL**
Any court filings containing information designated Confidential Information shall be filed with the Court in a sealed envelope with a notation on the front of the envelope as follows: "Civil Action No. 1:09-CV-00862. Confidential – Subject to Protective Order. This document is filed under seal pursuant to an Order of this Court entered in this action and shall not be opened except by the Court, or upon order of the Court, or by stipulation of the parties."

(Id. at 4-5.)  The parties' proposal does not address what, if any, justification the parties would submit to the Court with these sealed filings.

For the reasons stated in Haas v. Golding Transp. Inc., No. 1:09CV1016, 2010 WL 1257990 (M.D.N.C. Mar. 26, 2010) (unpublished), the Court will not enter the proposed Joint Stipulation and Protective Order as currently drafted.  Instead, the Court will afford the parties an opportunity:  1) to submit an "Amended Joint Stipulation and Protective Order" that adds a good-faith limitation on their authority to make designations and that addresses the matters outlined in Haas regarding prospective sealing orders; or 2) to file a motion for reconsideration and supporting brief setting out argument and/or authority showing that the existing proposal complies with controlling precedent.

If they choose the former option, the parties:  1) may omit the paragraph regarding sealed court filings all together; or 2) they may revise those aspects of their proposal.  To the extent that any such revised version continues to provide prospectively for the filing of documents under seal, the parties:  1) shall re-caption the proposal as "Joint Stipulation, Protective Order, and Prospective Sealing Order"; and 2) shall incorporate into said proposed order a description of the court filings covered by the prospective sealing provision (e.g., discovery-related motions, dispositive motions, etc.), a statement explaining the need for any

sealing (including why alternatives would not suffice), and references to applicable case law.[1]

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Approval of Protective Order (Docket Entry 17) is DENIED.

**IT IS FURTHER ORDERED** that the parties may submit an "Amended Joint Stipulation and Protective Order" consistent with the terms of this Memorandum Opinion and Order or, alternatively, may file a motion for reconsideration asking the Court to enter the "Joint Stipulation and Protective Order" as drafted, with a supporting brief that demonstrates the propriety of the original proposal.

           /s/ L. Patrick Auld
            **L. Patrick Auld**
      **United States Magistrate Judge**
April 15, 2010

---

[1] The Court foresees that, because "[a] party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden," Jennings v. University of N.C. at Chapel Hill, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004), fashioning a prospective sealing provision for filings of that sort will be difficult. However, given the existence of significant authority indicating that "[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access," Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001), it is easier to envision a prospective sealing provision limited to such motions. See also Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("'[G]ood cause' is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . ., but no such right as to discovery motions and their supporting documents."); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings."). Cf. In re Policy Mgt. Sys. Corp., 1995 WL 541623, at *4 (stating "that a document becomes a judicial document when a court uses it in determining litigants' substantive rights" (emphasis added)).

-3-